IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2226-BN |
| | § | |
| DANIEL B. KELLEY, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

This lawsuit comes to federal court courtesy of an attempt to collect on unpaid parking fee incurred by a vehicle that the plaintiff claims he sold earlier that year.

Plaintiff Joe Hunsinger alleges through a *pro se* amended complaint that Defendant Daniel B. Kelley Attorney at Law, LLC ("Kelly") violated the Federal Debt Collection Practices Act ("FDCPA") and a related Texas statute. *See* Dkt. No. 12.

Kelly has moved to dismiss Hunsinger's amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of Constitutional standing. *See* Dkt. Nos. 16 & 17. Hunsinger responded. *See* Dkt. No. 19. Kelly did not file a reply, and the deadline to do so has expired. *See* Dkt. No. 18.

And, after the parties consented in writing, this case was ordered transferred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of judgment, under 28 U.S.C. § 636(c). *See* Dkt. Nos. 21 & 22.

### **Discussion**

Kelley challenges the Court's subject matter jurisdiction, arguing that Hunsinger lacks standing because he "has not alleged any concrete injury in fact

whatsoever in his Amended Complaint." *E.g.*, Dkt. No. 17, ¶ 19.

"Under the dictates of Article III of the United States Constitution, federal courts are confined to adjudicating actual 'cases' and 'controversies.'" *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002) (quoting U.S. CONST. art. III, § 2, cl. 1).

"There is no case or controversy without standing to sue." *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

And, so, Article III "[s]tanding is a threshold issue that [a federal court must] consider before examining the merits." *Id.* (citing *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013)).

To obtain "Article III standing, a plaintiff must allege that it has been injured, that the defendant caused the injury, and that the requested relief will redress the injury." *Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592, 595 (5th Cir. 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

> As to the first requirement for Constitutional standing, the United States
>
> Supreme Court recently reiterated that: "Article III standing requires a concrete injury even in the context of a statutory violation." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). The Court explained that beyond typical harms like physical and money damages, "intangible harms" may also be cognizable. *Id.* at 425. But an intangible harm is not concrete for Article III purposes unless it has a "close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.*

*Calogero v. Shows, Cali & Walsh, L.L.P.*, 95 F.4th 951, 958 (5th Cir. 2024)

And, because this "'triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement,'" Hunsinger, "as 'the party invoking federal jurisdiction, bears the burden of establishing its

existence.'" *Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019) (cleaned up; quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998)).

As to the existence of an injury, Kelly argues that Hunsinger "has simply alleged a veritable laundry list of statutory violations under the FDCPA and 'Texas Finance Code' without demonstrating any real world, actual harm. Accordingly, the claims presented in the Amended Complaint lack standing as a matter of law under Article III and Texas state law." Dkt. No. 17, ¶ 20.

Hunsinger responds in part with a declaration setting out that, to answer a collection letter from Kelley, he "spen[t] [his] time, money in postage, and paid for the cost of gasoline to travel to and from the post office to send [his] letters [to] dispute" Kelley's collection letter. Dkt. No. 19-1 at 9.

> Certainly, there's no *de minimis* exception to economic injury under Article III. *See, e.g.*, *Uzuegbunam v. Preczewski*, 592 U.S. 279, 292 (2021) (holding that nominal damages are sufficient to redress Article III injury and noting that "petitioners still would have satisfied redressability if instead of one dollar in nominal damages they sought one dollar in compensation for a wasted bus fare to travel to the free speech zone"); *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017) ("For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.' "); *California v. Texas*, 593 U.S. 659, 692 (2021) (Alito, J., dissenting) ("[E]ven a small pocketbook injury – like the loss of $1 – is enough.").

*Jackson Muni. Airport Auth. v. Harkins*, 98 F.4th 144, 149 (5th Cir. 2024) (Ho, J., concurring).

And Hunsinger includes caselaw supporting this notion in the FDCPA context. *See Mack v. Resurgent Capital Servs., L.P.*, 70 F.4th 395, 405 (7th Cir. 2023) ("Applying the *Bell Atlantic[ Corp v. Twombly*, 550 U.S. 544 (2007),] standard, it is

reasonable to infer that Mack re-disputed the debt, and in doing so suffered a concrete injury at least in the form of postage paid to send the second validation request."); *Ebaugh v. Medicredit, Inc.*, No. 24-1838, 2025 WL 1088077 (8th Cir. Apr. 11, 2025) (per curiam) ("Ebaugh clearly alleged facts demonstrating that she suffered a concrete injury when she purchased postage and an envelope to send Medicredit, Inc.'s improper communication to her counsel, an act that was caused by the FDCPA violation and that was necessary to allow reassertion of Ebaugh's right not to be contacted directly while represented by counsel." (citations omitted)).

But these cases also show that the *de minimis* financial injury must be alleged in the operative pleading. And the facts that Hunsinger provides in his declaration are not included in the amended complaint. *See generally* Dkt. No. 12.

And although Hunsinger does allege that he "submitted [at least two] FOIA request[s] to the City of Dallas" as to what he perceives to be Kelley's "false, deceptive, and misleading representations in their attempts to collect a debt," Dkt. No. 12 at 3, it's not clear that Hunsinger incurred any costs associated with these requests. That is, the Court cannot infer that he did based on his operative allegations.

### Conclusion

The Court therefore GRANTS the motion to dismiss but also GRANTS Hunsinger leave to file a second amended complaint by **June 29, 2026**.

SO ORDERED.

DATED: June 14, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 4 -